IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRETA FREIGHTMAN,

        Plaintiff,

  v.

BROOK FURNITURE RENTAL, INC.; and Does 1 through 20, inclusive,

        Defendants.
                                        /

No. C 05-0682 SI

**ORDER DENYING MOTION TO STAY PENDING APPEAL**

       Defendant Brook Furniture Rental, Inc. has moved to stay proceedings in this action pending resolution of its interlocutory appeal of this Court's April 1, 2005 denial of defendant's motion to compel arbitration. The Court finds that the motion may be determined without oral argument, and the hearing set for July 8, 2005 is VACATED. After careful consideration of the papers submitted, the Court hereby DENIES defendant's motion to stay.

**DISCUSSION**

       On April 1, 2005, this Court denied defendant's motion to compel arbitration, finding that plaintiff did not knowingly and explicitly waive her rights to a judicial forum by receiving employee benefits while on leave. On April 26, 2005, defendant appealed this Court's decision to the Ninth Circuit. Defendant asserts that "the Ninth Circuit has already set a speedy briefing schedule that will have the appeal ready for decision as soon as October this year." Mot. at 2.

       Defendant now requests that this Court stay this litigation until the Ninth Circuit issues its ruling on defendant's appeal of its motion to compel arbitration. Defendant argues that a stay is appropriate because if the Ninth Circuit grants defendant's motion to compel arbitration, then this

Court will no longer have jurisdiction over plaintiff's claims and the parties may wind up engaging in duplicate proceedings before this Court and the arbitration panel. Plaintiff argues that a stay is not appropriate because defendant will not succeed on appeal and she will be prejudiced by a delay in the litigation.

The Federal Arbitration Act provides, at 9 U.S.C. § 16(a)(1)(B), that denial of a motion to compel arbitration may be appealed on an interlocutory basis. Although the statute is silent on the question, the Ninth Circuit has held that the district court should, in its discretion, decide whether the litigation should be stayed pending interlocutory appeal. Britton v. Co-Op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990).[1] Federal Rule of Civil Procedure 62(c) provides general guidelines governing the issuance of stays pending interlocutory appeal, and the Supreme Court has directed consideration of the following factors:  1) whether the applicant has made a strong showing that it is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) whether the public interest favors a stay. Hilton v. Braunskill, 481 U.S. 770, 776 (1986).

The Court recognizes that it is possible that defendant will prevail on appeal. However, defendant's argument is not as strong as defendant suggests. Defendant places great weight on EEOC v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742 (9th Cir. 2003) to support its argument that the "continued vitality" of Prudential Ins. Co. v. Lai, 42 F.3d 1299 (9th Cir. 1994) and Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756 (9th Cir. 1997), two cases relied upon by this Court, is in question. However, EEOC only held that employers can require employees to arbitrate their Title VII claims as a condition of employment. It did not alter the holdings of Nelson or Lai, which require an employee to waive her rights through a knowing and explicit agreement.

In the current case, plaintiff was not an active employee at the time defendant's arbitration policy was implemented. Additionally, the arbitration policy was implemented after plaintiff filed an EEOC claim. Although the arbitration policy asserted that continued employment with defendant

---

[1] The Seventh and Eleventh Circuits appear to take a more directive view of stays pending appeal under 9 U.S.C. § 16(a)(1)(B). See Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) and Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 505-06 (9th Cir. 1997).

1 constituted acceptance of the policy, plaintiff only received certain employee benefits thereafter.
2 Finally, plaintiff refused to sign the agreement, attempted to negotiate the terms of the policy, and
3 defendant would not allow her to return to work until she signed the agreement.  Therefore, the Court
4 finds that although it is possible defendant could succeed on appeal, it is not as likely as defendant
5 suggests.

6    Defendant argues that it will be injured if a stay is denied because it will be forced to incur the
7 expense of litigating the matter in this Court and then repeat it again in arbitration, if the Ninth Circuit
8 grants its motion to compel arbitration.  However, much – if not most – of the preliminary discovery
9 work which will occur here would be useful to the parties in an arbitral context as well.  The
10 proceedings are still at an early stage; a trial date has not yet been set and the parties have not engaged
11 in initial disclosures.  Defendant anticipates that the appeal will be "ready for decision as soon as
12 October of this year," so it is unlikely that the case will proceed to trial before the Ninth Circuit issues
13 its ruling.  Should that ruling be unexpectedly delayed, the parties can contact the Court for guidance
14 or schedule adjustment.

15    There is a strong public interest in adjudication of claims under Title VII, and certainly
16 plaintiff's personal interest in the question is strong.  Lai, 42 F.3d at 1304.  Delaying discovery will
17 prejudice all parties, in that witness memories will fade and evidentiary pathways will grow stale.

18    The Court finds that, in balancing the various factors which are to be considered in evaluating
19 the question, defendant has not made a sufficient showing to warrant a stay.  Defendant's equivocal
20 likelihood of success on the merits, coupled with a relatively low risk of harm, do not outweigh the
21 parties' and the public's interest in the speedy and efficient conduct of the litigation process.  Miller
22 v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994).  Therefore, the Court DENIES
23 defendant's motion to stay the proceedings.

**IT IS SO ORDERED**.

Dated: July 5, 2005

                                      SUSAN ILLSTON
                                      United States District Judge

United States District Court
For the Northern District of California